UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 NOV -7  A 9: 38

US DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| ANNE E. HARHAY | : | NO.   300CV365   (AWT) |
| V. | : | |
| MAURICE W. BLANCHETTE | : | |
| WILLIAM R. HARFORD | : | |
| GARY J. BLANCHETTE | : | |
| CYNTHA A. HEIDARI | : | |
| DONALD WEEKES | : | |
| KENNETH J. BRENNAN | : | |
| SUSAN J. LUGINBUHL | : | |
| JOHN O'SHAUGHNESSY | : | |
| WENDY J. CIPARELLI | : | |
| RICHARD CURREY | : | |
| BOARD OF EDUCATION, TOWN OF ELLINGTON | : | |
| RICHARD E. PACKMAN | : | NOVEMBER 1, 2003 |

### PLAINTIFF'S LOCAL RULE 56 STATEMENT

ANNE E. HARHAY, the Plaintiff in the above-entitled civil action, hereby submits the following responsive statement with regard to the defendants' Local Rule 56 (C)(1) filed in support of Defendants' Motion For Summary Judgment dated September 15, 2003.

(1)   Paragraph 1 is admitted.

(2)   Paragraph 2 is admitted.

(3)   Paragraph 3 is admitted.

(4)   Paragraph 4 is admitted.

(5)   Paragraph 5 is admitted.

(6)   Paragraph 6 is admitted.

(7)   Paragraph 7 is admitted.

(8)   Paragraph 8 is admitted insofar as it alleges that plaintiff had no independent right to pursue an arbitration of her Level 3 grievance.

(9)   Paragraph 9 is admitted.

(10)  Paragraph 10 is admitted.

(11)  Paragraph 11 is admitted.

(12)  Paragraph 12 is admitted.

(13)  Paragraph 13 is denied and disputed. The Court of Appeals' decision applied to the individual parties who took the subject appeal and speaks for itself. The Court did not rule that the plaintiff did not have a protected constitutional right to due process. The Court found, in fact, that the plaintiff's interest is a constitutionally protected right in the sense that she cannot be deprived of it *without due process* [ the Court's emphasis, at page 6510]. The Court referred to cases wherein post-deprivation procedures have been found to be sufficient to satisfy due process. The Court relied upon *Wojcik v. Mass. State Lottery Comm'n.*, 300 F.3d 92, 102 (1st Cir. 2002) wherein the aggrieved plaintiff actually

2

pursued and participated in formal arbitration. This plaintiff was denied that option. The plaintiff clearly challenges the adequacy of the process available to her under the collective bargaining agreement; particularly in the circumstances, as specifically alleged, whereby the defendants engaged in a pre-meditated scheme to destroy her protected property interest. The fact that the plaintiff did not appeal the Court of Appeals' ruling in this regard, as applied to the individual parties to the subject appeal, has no bearing upon the remaining disputes.

Dated at Hartford, Connecticut this 1st day of November, 2003.

_____
Noah H. Starkey, Esq.
214 Main Street, Suite 501
Hartford, CT 06106
Telephone: 860-541-6999
Fax: 860-241-7744
Federal bar number: ct07606

## CERTIFICATION

The undersigned, Noah H. Starkey, Esq., hereby certifies that a copy of the foregoing Statement was sent by first class United States mail, postage prepaid, on this 5th day of November, 2003 to the following counsel of record:

> Michael J. Rose, Esq.
> Howd & Ludorf
> 65 Wethersfield Avenue
> Hartford, CT 06114

Noah H. Starkey, Esq.
241 Main Street, Suite 501
Hartford, CT 06106
Telephone: 860-541-6999
Fax: 860-241-7744