UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------x
                                    :
ANNE E. HARHAY,                     :
                                    :
     Plaintiff,                     :
                                    :
v.                                  :  Civ. No. 3:00CV00365(AWT)
                                    :
MAURICE W. BLANCHETTE, WILLIAM      :
R. HARFORD, GARY J. BLANCHETTE,     :
CYNTHIA A. HEIDARI, DONALD WEEKES,  :
KENNETH J. BRENNAN, SUSAN J.        :
LUGINBUHL, JOHN O'SHAUGHNESSY,      :
WENDY J. CIPARELLI, RICHARD         :
CURREY, BOARD OF EDUCATION OF THE   :
TOWN OF ELLINGTON, and RICHARD      :
E. PACKMAN,                         :
                                    :
     Defendants.                    :
                                    :
------------------------------------x
```

### ORDER DIRECTING ENTRY OF PARTIAL JUDGMENT

In accordance with the mandate of the United States Court of Appeals for the Second Circuit issued April 17, 2003, judgment in favor of defendants Maurice W. Blanchette, William R. Harford, Gary J. Blanchette, Cynthia A. Heidari, Donald Weekes, Kenneth J. Brennan, Susan J. Luginbuhl, John O'Shaughnessy, Wendy J. Ciparelli, Richard Currey and Richard E. Packman shall enter with respect to the Third Count.

The court notes that the parties have proceeded, in certain papers filed by them,[1] on the premise that the Third Count of the Complaint states a <u>Monell</u> claim against the Town of Ellington Board of Education and the individual defendants in their official capacities. In the court's view, a <u>Monell</u> claim is not stated in that count. See <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 694 (1978) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy."); <u>Gottlieb v. County of Orange</u>, 84 F.3d 511, 518 (2d Cir. 1996) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible."). However, assuming <u>arguendo</u> that a <u>Monell</u> claim is stated in that count, the Board and the individual defendants in their official capacities would be entitled to judgment as a matter of law with respect to that claim, because by virtue of the Court of Appeals' conclusion that the plaintiff failed to allege a constitutional

---

[1] <u>See</u> Defs.' Mem. in Supp. of Mot. for J./Supplemental Mot. Summ. J. (Doc. No. 29) at 2-3; Mem. in Opp'n to Defs.' Mot. for J./Mot. Summ. J. (Doc. No. 33) at 3; Mem. in Supp. of Defs.' Supplemental Mot. Summ. J. (Doc. No. 40) at 4.

violation, there can be no Monell claim against the Board or the individual defendants in their official capacities in any event. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (If an individual officer "inflicted no constitutional injury . . ., it is inconceivable that [the city or its police commission] could be liable to respondent."); Curley v. Village of Suffern, 268 F.3d 65, 71 (2d Cir. 2001) (If "a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite besides the point.").  Therefore, because the plaintiff contends she has stated a Monell claim against the Board and the individual defendants in their official capacities in the Third Count, judgment shall also enter in favor of the Town of Ellington Board of Education and the individual defendants in their official capacities with respect to the Third Count.

It is so ordered.

Dated this 31st day of March 2006, at Hartford, Connecticut.

```
                           _____
                                 Alvin W. Thompson
                           United States District Judge
```