UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------x
                                    :
ANNE E. HARHAY,                     :
                                    :
     Plaintiff,                     :
                                    :
v.                                  :  Civ. No. 3:00CV00365(AWT)
                                    :
MAURICE W. BLANCHETTE, WILLIAM      :
R. HARFORD, GARY J. BLANCHETTE,     :
CYNTHIA A. HEIDARI, DONALD WEEKES,  :
KENNETH J. BRENNAN, SUSAN J.        :
LUGINBUHL, JOHN O'SHAUGHNESSY,      :
WENDY J. CIPARELLI, RICHARD         :
CURREY, BOARD OF EDUCATION OF THE   :
TOWN OF ELLINGTON, and RICHARD      :
E. PACKMAN,                         :
                                    :
     Defendants.                    :
                                    :
------------------------------------x
```

## **DISMISSAL OF STATE LAW CLAIM**

Judgment has entered in favor of the defendants with respect to all federal claims in this case.

"The district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C.A. § 1367(c) (West 1993).  "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right."  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

While dismissal of the state law claims is not mandatory, Rosado v. Wyman, 397 U.S. 397, 403-05 (1970); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988), when "all federal-law claims are eliminated before trial, the balance of

factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon, 484 U.S. at 350 n.7. See also DiLaura v. Power Auth. of New York, 982 F.2d 73, 80 (2d Cir. 1992); Baylis v. Marriott Corp., 843 F.2d 658, 664-65 (2d Cir. 1988); Indep. Bankers Ass'n v. Marine Midland Bank, 757 F.2d 453, 464 (2d Cir. 1985).

For the reasons discussed in the court's Endorsement Order, also dated March 31, 2006, the court has concluded that it should decline to assert jurisdiction over the remaining state law claim. Accordingly, the First Count is hereby DISMISSED, without prejudice.

The Clerk shall close this case.

It is so ordered.

Dated this 31st day of March 2006 at Hartford, Connecticut.

/s/Alvin W. Thompson

Alvin W. Thompson
United States District Court